UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REMOI CAMPBELL,

    Plaintiff,

v.                                                                              2:23-cv-548-JLB-NPM

STATE OF FLORIDA, LINDA
DOGGETT, BRENDA D. FORMAN,
AMIRA D. FOX, and
CARMINE MARCENO,

    Defendants.
_____/

## ORDER

Plaintiff Remoi Campbell, a prisoner of the Florida Department of Corrections, initiated this action by filing a pro se civil rights complaint form along with a motion to proceed in forma pauperis and a supplemental exhibit. (Doc. 1; Doc. 2; Doc. 3.) The complaint is before the Court on initial screening.[1]

After carefully considering Plaintiff's allegations, the Court dismisses his complaint without prejudice as a shotgun pleading and for failure to state a claim on which relief may be granted.

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or that states no claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court may sua sponte dismiss a prisoner's complaint prior to service. See 28 U.S.C. § 1915A(a).

## I.  Complaint

In the fact section of his complaint, Plaintiff states only that he demands a jury trial.  (Doc. 1 at 5.)  And while he asserts elsewhere in the complaint that he was arrested on November 25, 2016 by the Fort Myers Police Department and suggests that a Fourth Amendment violation and "intrinsic and extrinsic fraud" may have occurred during the arrest, the remaining few allegations scattered throughout the 11-page complaint form, are untethered to any alleged actions by the defendants.  (Id. at 3–8.)  For example, when asked to explain how the defendants acted "under color of state law," Plaintiff states only, "I plea the 5th, which is my right to remain silent."  (Id. at 4.)  He also complains of being bankrupt, declares that circumstantial evidence is inadmissible, demands a speedy trial, notes that "the judge acts as the ultimate fact finder," requests a hearing, and asserts that he now "petition[s] this court for habeas corpus."  (Id. at 4–6.)[2]  As relief, Plaintiff requests only a motion to compel.  (Id. at 5.)[3]

## II.  Discussion

Plaintiff's complaint does not state a claim upon which relief may be granted, and it would be impossible for a defendant to file a responsive pleading to his sparse allegations.  Although the Court must liberally construe a pro se complaint, neither

---

[2] To the extent Petitioner seeks to file a petition for writ of habeas corpus under 28 U.S.C. § 2254, he must first exhaust all claims in state court.  He may then file a petition on the Court's approved form along with the five dollar habeas filing fee or a motion to proceed in forma pauperis.

[3] Although Plaintiff also filed an attachment (Doc. 1-1) and a separate 70-page supplemental pleading (Doc. 3), they consist solely of grievance forms, statutes, and caselaw on bankruptcy, immigration, and habeas corpus.

the Court nor the defendants are required to read between the lines to create a claim on Plaintiff's behalf.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro* se litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1323.  Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. (footnote omitted).  Here, Plaintiff's lack of factual development violates Rule 8(a)(2), rendering it difficult or impossible for any defendant to file a cogent response to his claims.  Although pro se complaints are held to a less stringent standard than those drafted by an attorney, district courts must still dismiss

3

shotgun complaints.  See Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Nevertheless, the Court liberally construes Plaintiff's allegations as best it is able and will briefly discuss the construed allegations to consider whether amendment of Plaintiff's complaint would be futile.

### A.     Plaintiff's claims may be barred by Heck v. Humphrey.

Plaintiff is currently incarcerated at the Florida State Prison.   (Doc. 1 at 1.) A review of the website for the Florida Department of Corrections shows that he is serving a 15-year prison sentence stemming from an offense that occurred on November 25, 2016.[4]   To the extent Plaintiff now attempts to raise a false arrest claim based on his November 25, 2016 arrest, his complaint may implicate the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  512 U.S. at 486–87.   If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the district court must dismiss the claim unless the conviction or sentence has already

---

[4] See https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=Y62445&TypeSearch=AI

been invalidated.  Id. at 487.  If, however, Plaintiff's cause of action would "*not* demonstrate the invalidity of any outstanding criminal judgment," then the claim may proceed—unless there's "some other bar to the suit."  Id. (emphasis in original).

False arrest claims do not automatically implicate Heck.  See e.g., Henley v. Payne, 945 F.3d 1320, 1329 (11th Cir. 2019) (recognizing that the plaintiff's false arrest for trespassing did not necessarily negate his convictions for harassing phone calls and marijuana possession).  Marx v. Gumbinner, 905 F.2d 1503, 1505 (11th Cir. 1990).  However, if an arrest is supported by probable cause, the arrestee is absolutely barred under Heck from pursuing a section 1983 false arrest claim.  Marx v. Gumbinner, 905 F.2d 1503, 1505–06 (11th Cir. 1990).  This is because a finding that law enforcement lacked probable cause to arrest would imply the invalidity of any subsequent conviction stemming from that arrest.  See, e.g., Clement v. McCarley, 708 F. App'x 585, 589 (11th Cir. 2017) ("Mr. Clement's false arrest claim was barred by Heck.  His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted.").  Therefore, if Plaintiff's complaint can be liberally construed to assert that the police lacked probable cause to arrest him, his claim is premature because he does not allege (and the Court's investigation does not show) that his conviction has been overturned.

### B.   Plaintiff's claims may be barred by a four-year statute of limitations.

Even if Plaintiff alleges that he was arrested <u>without</u> probable cause in violation of the Fourth Amendment—a claim that would not be barred by <u>Heck</u>—allowing Plaintiff to amend his complaint to properly allege a Fourth Amendment claim would be futile.   The statute of limitations on a civil rights claim in Florida is four years.   See [City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002)](#) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years").   And "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." [Wallace v. Kato, 549 U.S. 384, 397 (2007)](#).   Therefore, Plaintiff's statute of limitation began to run—at the latest—on November 27, 2016 (when Plaintiff's booking report was filed).[5]   Therefore, even if not implicated by <u>Heck</u>, any construed Fourth Amendment claim stemming from Plaintiff's November 25, 2016 arrest must be dismissed as time-barred.

### III.   Conclusion

As explained, Plaintiff's complaint is subject to dismissal as a shotgun pleading and because he has not stated a cognizable [42 U.S.C. § 1983](#) claim against

---

[5] Plaintiff's first appearance in Twentieth Judicial Circuit Court Case Number 16-019024CF occurred on November 26, 2016.   See Lee County Clerk of Court website: [Lee County Clerk of Courts Records Inquiry (leeclerk.org)](#) .

any defendant. The Court normally allows a pro se plaintiff at least one opportunity to amend his complaint before closing the case. However, in this case an amended complaint would still ultimately be barred by Heck v. Humphrey or a four-year statute of limitation. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Accordingly, it is now **ORDERED**:

1. Plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED without prejudice**.[6]

2. The **Clerk** is **DIRECTED** to deny any pending motions as moot, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on August 9, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies to: Remoi Campbell

---

[6] Because the dismissal is without prejudice, Plaintiff may refile this action if, after carefully reviewing this Order, he believes he can state a cognizable claim under 42 U.S.C. § 1983. However, he should not use the case number for this case on any new complaint because this case will be closed.